United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50832
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE W. FEW,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1195-2
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lawrence W. Few (Few) appeals his conviction on count three of
an indictment charging him under 18 U.S.C. § 1001 with knowingly
making false statements to the Federal Bureau of Investigation
(FBI) during its investigation into a grand jury leak. Few
challenges the sufficiency of the evidence to convict him, attacks
the credibility of two key Government witnesses, and asserts that
the Government failed to prove the falsity of his statements to the
FBI.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

None of the trial witnesses "assert[ed] facts that the witness physically could not have observed or events that could not have occurred under the laws of nature." United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993) (internal quotation marks, brackets, and citation omitted).  Consequently, the jury was free to weigh the credibility of the witnesses and choose which testimony to credit as true.  See id. at 189-90.  There was sufficient evidence to show that Few lied to the FBI.  Therefore, "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of [Few's] offense[ ] beyond a reasonable doubt."  Id. at 189 (internal quotation marks and citation omitted).

Few also argues that his acquittal on counts one and two for conspiracy to obstruct and obstructing justice is inconsistent with his conviction on count three, and, therefore, his conviction should be reversed.  However, "inconsistent verdicts are not a bar to conviction so long as there is sufficient evidence to support

the jury's determination of guilt." <u>United States v. Gieger</u>, 190 F.3d 661, 664 (5th Cir. 1999). Therefore, because there was sufficient evidence to support Few's conviction on count three, his conviction may stand. <u>Id.</u>

Accordingly, Few's conviction is hereby AFFIRMED.